**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MATTHEW C. WEIGLE,** | : | **CIVIL NO. 3:CV-11-0051** |
| **Petitioner,** | : | |
| | : | **(Judge Munley)** |
| **v.** | : | |
| | : | |
| **MICHAEL CURLEY, et al.,** | : | |
| **Respondents** | : | |

:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

On December 23, 2010, petitioner Matthew C. Weigle, ("petitioner") filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, attacking his April 10, 1999, Pennsylvania convictions for Murder and Conspiracy.  (Doc. 1.)  Respondents filed an Answer and motion to dismiss the petition as untimely.  (Doc. 14).  Petitioner maintains that the petition is timely.  (Doc. 16.)  Following careful consideration of the parties' submissions (Docs. 1, 14, 16), and for the reasons discussed below, the Court will grant respondents' motion to dismiss because the petition is not timely filed.  See 28 U.S.C. § 2244(d).

## I.    Background

On April 10, 1999, following a jury trial in the Court of Common Pleas of Clinton County, petitioner was convicted of murder in the third degree (18 PA. CONS. STAT. § 2502(a)) and conspiracy (18 PA. CONS. STAT. § 903).  (Doc. 14, ¶ 1.)  On June 10, 1999, he was sentenced to eighteen to thirty-eight months incarceration.  (Id. at ¶ 2.)

Post trial motions were filed on June 16, 1999, and denied on October 15, 1999.  (Id. at ¶ 3.)  On November 9, 1999, he filed a direct appeal to the Superior Court of Pennsylvania.

The appeal was dismissed on October 11, 2000, for failure to file a brief.  (Id. at ¶ 6.)  He

filed a petition for allowance of appeal with the Pennsylvania Supreme Court which was

denied on March 28, 2001.  (Id. at ¶ 7.) He did not seek a writ of certiorari in the United

States Supreme Court. (Id.)

On February 13, 2006, petitioner filed a petition for post conviction collateral relief

pursuant to the Post Conviction Relief Act ("PCRA"), 42 PA. CONS. STAT. §§ 9541-46.

(Doc. 14, ¶ 8.)  On March 30, 2006, the petition was denied as untimely.  (Id.; Doc. 16, at 5.)

Petitioner appealed the denial of PCRA relief to the superior court on April 12, 2006.  (Doc.

14, ¶ 8.)  On January 22, 2007, the superior court affirmed the PCRA court's decision.  (Id. at

¶ 10.)  He filed a petition for allowance of appeal, but it was denied.

On December 17, 2007, petitioner filed a second PCRA petition.  (Doc. 14, ¶ 12.)  He

amended the petition on February 28, 2008.  (Id.) The petition was dismissed on April 15,

2008, as untimely.  (Id. at ¶ 13.)  He filed a notice of appeal on April 21, 2008.  (Id. at ¶ 14.)

On July 1, 2009, the superior court affirmed the PCRA court's determination that the petition

was untimely.  (Id. at ¶ 14.)   Petitioner filed a petition for allowance of appeal to the

supreme court, which was denied on February 24, 2010. (Id. at ¶15.)

The instant petition was filed on December 23, 2010.  (Doc. 1.)  Respondents seek to

dismiss the petition as untimely.

## II.   **Discussion**

The court may "entertain an application for a writ of habeas corpus in behalf of a

person in custody pursuant to the judgment of a State court only on the ground that he is in

custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. §

2254(a).  A petition filed under § 2254 must be timely filed under the stringent standards set

forth in the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No.

104-132, 110 Stat. 1214 (Apr. 24, 1996).  See 28 U.S.C. § 2244(d) (1).  A state prisoner

requesting habeas corpus relief pursuant to § 2254 must adhere to a statute of limitations that

provides, in relevant part, as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of
> habeas corpus by a person in custody pursuant to the judgment of a State court.
> The limitation period shall run from the latest of-
>
>> (A) the date on which the judgment became final by the conclusion of
>> direct review or the expiration of the time for seeking such review. . . .
>
> (2)  The  time  during  which  a  properly  filed  application  for  State
> post-conviction  or  other  collateral  review  with  respect  to  the  pertinent
> judgment  or  claim  is  pending  shall  not  be  counted  toward  any  period  of
> limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2); see Jones v. Morton, 195 F.3d 153, 157 (3d Cir. 1999).  Thus,

under the plain terms of § 2244(d)(1)(A), a state court criminal judgment does not become

final until appeals have been exhausted or the time for appeal has expired.  See Nara v.

Frank, 264 F.3d 310, 314 (3d Cir. 2001).

Petitioner was sentenced on June 10, 1999.  His judgment became final on June 26,

2001, when his time to seek United States Supreme Court review of his direct appeal

proceedings expired.  The one-year period for the statute of limitations commenced running

as of that date and expired one year later.  Hence, the federal petition, which was filed on

December 23, 2010, appears to be untimely.  However, the Court's analysis does not end

here; consideration of both statutory and equitable tolling must be undertaken.

### A.      Statutory Tolling

Section 2244(d)(2) tolls the statute of limitations with respect to the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  As noted above, the statute of limitations commenced on June 26, 2001, and expired one year later.  The PCRA petition filed on February 13, 2006, did not operate to toll the statute of limitations because it had already expired.  His federal petition was filed on December 23, 2010, well after the expiration of the limitations period.

Significantly, neither the first nor second PCRA petitions would qualify to toll the statute of limitations because they were rejected by the state courts as untimely and, as such, are not a basis for statutory tolling.  See Fahy v. Horn, 240 F.3d 239, 243 (3d Cir. 2001) (stating that an untimely PCRA petition does not toll the statute of limitations for a federal habeas corpus petition); Merritt v. Blaine, 326 F.3d 157, 165-66 & n. 6 (3d Cir. 2003) (finding that federal courts are bound by state court's determination that PCRA petition was untimely and thus not "properly filed").

### B.      Equitable Tolling

"Equitable tolling of the limitations period is to be used sparingly and only in "extraordinary" and "rare" circumstances.  See Satterfield v. Johnson, 434 F.3d 185, 195 (3d Cir. 2006); LaCava v. Kyler, 398 F.3d 271, 274-75 (3d Cir. 2005).  It is only in situations "when the principle of equity would make the rigid application of a limitation period unfair"

that the doctrine of equitable tolling is to be applied.  See Merritt v. Blaine, 326 F.3d 157, 168 (3d Cir. 2003).  Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way."  Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).

The burden of establishing entitlement to equitable tolling lies with the petitioner, who must show that he or she exercised reasonable diligence in investigating and bringing the claims.  See Robinson v. Johnson, 313 F.3d 128, 142 (3d Cir. 2002).  Mere excusable neglect is not sufficient.  See LaCava, 398 F.3d at 276.  All indications are that petitioner exercised reasonable diligence in investigation and bringing his claims.

Extraordinary circumstances have been found where (1) the defendant has actively misled the plaintiff, (2) the plaintiff has in some extraordinary way been prevented from asserting his rights, (3) the plaintiff has timely asserted his rights mistakenly in the wrong forum, see Jones, 195 F.3d at 159, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim, see Brinson v. Vaughn, 398 F.3d 225, 230 (3d Cir. 2005).  Even where extraordinary circumstances exist, however, "[i]f the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing."  Brown v. Shannon, 322 F.3d 768, 773 (3d Cir. 2003) (quoting Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000)).

Petitioner does not allege that he was misled by either the Commonwealth or state

courts regarding his claim, or that he timely asserted his rights mistakenly in the wrong

forum.  Nor was he prevented in some extraordinary way from asserting his rights.  Rather,

he argues that the state courts were wrong in deeming his PCRA petition as untimely because

he believed it to fall within the newly discovered evidence exception to the state court's

PCRA statute of limitation.  However, this Court is bound by the state court's determination

that petitioner's PCRA petition was untimely and thus not "properly filed."  <u>Merritt v.</u>

<u>Blaine</u>, 326 F.3d 157, 165-66 & n. 6 (3d Cir. 2003).

 Based on the foregoing, equitable tolling of the AEDPA statute of limitations is not

warranted in this case.

**III. <u>Conclusion</u>**

 For the reasons set forth above, the petition for writ of habeas corpus will be

dismissed as untimely.

**IV. <u>Certificate of appealability</u>**

 Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of

appealability ("COA"), an appeal may not be taken from a final order in a proceeding under

28 U.S.C. § 2254.  A COA may issue only if the applicant has made a substantial showing of

the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this

standard by demonstrating that jurists of reason could disagree with the district court's

resolution of his constitutional claims or that jurists could conclude the issues presented are

adequate to deserve encouragement to proceed further."  <u>Miller-El v. Cockrell</u>, 537 U.S. 322

(2003).  "When the district court denies a habeas petition on procedural grounds without

reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Here, jurists of reason would not find the procedural disposition of this case debatable. Accordingly, no COA will issue.

An appropriate order follows.


**BY THE COURT:**


**s/James M. Munley**
**JUDGE JAMES M. MUNLEY**
**United States District Court**

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MATTHEW C. WEIGLE,** | : | **CIVIL NO. 3:CV-11-0051** |
| **Petitioner,** | : | |
| | : | **(Judge Munley)** |
| **v.** | : | |
| | : | |
| **MICHAEL CURLEY, et al.,** | : | |
| **Respondents** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

**<u>ORDER</u>**

**AND NOW**, to wit, this 29th day of April 2011, upon consideration of the petition for writ of habeas corpus (Doc. 1), and in accordance with the foregoing memorandum, it is hereby ORDERED that:

1.    Respondents' motion (Doc. 14) to dismiss the petition as untimely is GRANTED.  The petition for writ of habeas corpus (Doc. 1) pursuant to 28 U.S.C. § 2254 is DISMISSED as time-barred by the statute of limitations.  <u>See</u> 28 U.S.C. § 2244(d).

2.    There is no basis for the issuance of a certificate of appealability.  28 U.S.C. § 2253(c).

3.    The Clerk of Court is directed to CLOSE this case.

**BY THE COURT:**

**<u>s/James M. Munley</u>
JUDGE JAMES M. MUNLEY
United States District Court**